Samuel J. Silverman, S.
In this trustees ’ intermediate accounting proceeding the guardian ad lite'm objects to the trustees’ allocation of annual investment advisory service charges to income and recommends that such charges should either be allocated entirely against principal or equitably between principal and income.
The will in the present case explicitly authorizes the trustees to employ financial or investment advisors and directs that compensation payable to such investment advisors shall be in addition to commissions to the trustees.
EPTL 11-2.1 (subd. [1]) provides in part as follows:
“ (1) The following charges shall be made against income: (A) ordinary expenses incurred in connection with the administration, management and preservation of the trust property, including regularly recurring taxes assessed against any portion of the principal, water rates, insurance and bond premiums, * * *
“ (4) The following charges shall be made against principal: (A) charges not provided for in subparagraphs (1) and (2), including court costs and attorneys’ fees, the cost of investing and reinvesting principal ’ ’.
The trustees urge that investment advisory services are ‘ ‘ ordinary expenses incurred in connection with the administration, management and preservation of the trust property,” and are thus chargeable against income. The guardian urges *448 that they are “ cost of investing and reinvesting principal ” and are thus chargeable against principal.
I am inclined to favor the trustees’ position. On balance, I think that regularly recurring investment advisory service expenses should properly be chargeable against income while charges incident to a particular purchase or sale should be chargeable to principal. Such regularly recurring investment advisory expenses seem to me fairly to be closer to “ ordinary expenses incurred in connection with the administration, management and preservation of the trust property ” just as insurance and bond premiums are rather than ‘ ‘ cost of investing and reinvesting principal ’ ’. I note that frequently such investment advisory services must result in making no change in the portfolio.
Accordingly, the objection is dismissed and the court holds that fhe trustees properly charged regularly recurring investment advisory services to income.